UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN IGARTUA on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STOOPS NYC IP LLC<br><br>Defendant. | Case No.: 1:24-cv-06381<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Juan Igartua ("Plaintiff") respectfully submits this memorandum of law in support of his motion for default judgment against Defendant, Stoops NYC IP LLC, ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b). As detailed herein, Defendant was served via the New York State Department of State with the Summons and Complaint on September 9, 2024, and has failed to answer, appear, or otherwise respond to this action. The Clerk of Court entered a Certificate of Default against Defendant on February 7, 2025 (ECF No. 14).

In this action, Plaintiff is seeking injunctive and declaratory relief against Defendant for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and related state and city laws. Plaintiff, a legally blind individual, has been denied full and equal access to Defendant's website due to numerous accessibility barriers that prevent blind users from properly navigating and completing transactions on the website. Despite proper service and notice of this action, Defendant has failed to take any steps to defend this action or remedy the discriminatory barriers on its website. Accordingly, Plaintiff now moves for default judgment seeking declaratory relief, a

permanent injunction requiring Defendant to remediate its website to comply with the ADA, and recovery of attorneys' fees and costs as authorized by law.

## STATEMENT OF FACTS

This action arises from Defendant STOOPS NYC IP LLC ("Defendant") ongoing violations of the Americans with Disabilities Act ("ADA") and related state and local laws through its failure to make its website accessible to blind and visually-impaired consumers. Plaintiff Juan Igartua is a legally blind individual (ECF No. 1). On multiple occasions, specifically on August 3rd and 4th of 2024, Plaintiff attempted to access and utilize Defendant's website (https://www.stoopsnyc.com) but encountered numerous accessibility barriers that prevented him from fully accessing the website's content and services.

A comprehensive audit was conducted on August 22, 2024, of Defendant's website, which revealed numerous examples of access barriers. (representing 43% of the website) These violations include, but are not limited to, missing 'alt text,' improper ARIA implementations, and missing form controls - all of which prevent blind users from properly navigating and completing transactions on the website.

On August 23, 2024, Plaintiff filed the Complaint in this action (ECF No. 1). Following the issuance of an Electronic Summons, Defendant was properly served through the New York State Department of State on September 9, 2024. The Affidavit of Service was subsequently filed with the Court on January 11, 2025 (ECF No. 8). Despite proper service, Defendant failed to answer or otherwise respond to the Complaint.

On February 7, 2025, the Clerk entered a Certificate of Default. (ECF No. 14). On February 12, 2025, this Court issued an Order, requiring Plaintiff to submit a motion for default judgment in accordance with the Court's Individual Practices in Civil Cases. (ECF

Dkt. No. 15) Throughout this period, Defendant has made no appearance, filed no response, and taken no steps to remedy the accessibility barriers on its website, which continues to remain non-compliant with ADA requirements.

The record establishes that Defendant is not an infant, incompetent person, or in military service, and has willfully failed to appear or otherwise defend this action despite proper service and notice. During this entire period, Defendant's website has remained inaccessible to blind and visually-impaired consumers in violation of the ADA and related state and local laws.

## LEGAL AUTHORITY AND ARGUMENT

**I. Legal Standard for Default Judgment**

Pursuant to Federal Rule of Civil Procedure 55(b), when a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the court may enter a default judgment. Courts in this Circuit consider three factors when determining whether to grant a default judgment: (1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. *See Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013); *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015).

**A. Willfulness of Defendant's Default**

Defendant's default is willful, as evidenced by its complete failure to respond to this action despite proper service and notice.

The record clearly establishes that Defendant was properly served with the Summons and Complaint on September 9, 2024. Defendant failed to answer, appear, or otherwise respond to this action within time period permitted by Federal Rule of Civil Procedure 12(a). This failure to respond persisted even after the Plaintiff separately notified Defendant of the nature of the present Civil Action and ramifications of their failure to respond. The willfulness of Defendant's default is further demonstrated by its continued inaction following the filing and entry of the Clerk's Certificate of Default on February 7, 2024.

Throughout this entire period, spanning several months, Defendant has made no attempt to contact Plaintiff's counsel, request an extension of time, or take any steps to remedy the accessibility barriers on its website that form the basis of this lawsuit.

Courts in this Circuit have consistently held that a defendant's failure to respond to a complaint, despite proper service, demonstrates willful conduct. See, e.g., *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc*., No. 07 Civ. 6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding willful default where defendants failed to respond to the complaint, despite proper service); *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc*., No. 07CV5150(SJ)(RER), 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009) (holding that defendant's failure to respond to a properly served complaint indicates willful conduct).

Given the clear evidence of proper service, multiple opportunities to respond, and Defendant's complete disregard for this legal proceeding, the Court should find that Defendant's default is willful, satisfying the first factor for granting a default judgment.

**B. Absence of Meritorious Defense**

Defendant has not appeared to present any defense, meritorious or otherwise, to Plaintiff's claims.

A default is a concession of all well-pleaded factual allegations of liability in the complaint. See *Cement & Concrete Workers Dist. Council Welfare Fund v. Metrofoundation Contractors, Inc*., 699 F.3d 230, 234 (2d Cir. 2012). Upon default, the court accepts the factual allegations in the complaint pertaining to liability as true. See *Cement & Concrete Workers*, 699 F.3d at 234; *Friedman v. Sharen & Lipshie*, No. 12 Civ. 3452 (FB) (CLP), 2013 U.S. Dist. LEXIS 64541, at *6 (E.D.N.Y. Mar. 28, 2013) (in deciding whether to grant liability on a motion for default judgment, a court must consider whether "the claims were pleaded in the complaint, thereby placing the defendant on notice" (citing Fed. R. Civ. P. 54(c))), R & R adopted by 2013 U.S. Dist. LEXIS 63793 (E.D.N.Y. May 3, 2013); *Unitrans Consol., Inc. v. Classic Closeouts*, No. 09 Civ. 2098 (SLT), 2010 U.S. Dist. LEXIS 31366, at *5 (E.D.N.Y. Mar. 31, 2010) ("[T]he well-pleaded factual allegations in the complaint are deemed admitted upon a defendant's default . . . .").

In the absence of any appearance or response from Defendant, the Court may assume that Defendant has no meritorious defense to the claims asserted in the Complaint. The well-pleaded allegations in the Complaint, which are deemed admitted upon default, establish a prima facie case for violations of the ADA, NYSHRL, NYCHRL, and NYCRL. These allegations detail specific accessibility barriers on Defendant's website that prevent blind and visually-impaired individuals from equal access and participation. The audit reports provides further technical evidence of these barriers, revealing numerous pages containing "Broken Links" and Level 'A' Accessibility Barriers. (ECF Dkt No. 1)

Given the strength of Plaintiff's prima facie case and the absence of any response or defense from Defendant, there is no basis to believe that Defendant possesses a meritorious defense to the claims asserted.

**C. Prejudice to Plaintiff if Default Judgment is Denied**

Plaintiff would be substantially prejudiced if default judgment were denied, as Defendant's website continues to remain inaccessible, perpetuating ongoing discrimination against Plaintiff and other visually impaired individuals. During this entire period, Defendant's website has remained inaccessible to blind and visually-impaired consumers in violation of the ADA and related state and local laws.

The prejudice to Plaintiff is significant and ongoing. As a legally blind individual, Plaintiff relies on properly configured websites to access information, goods, and services in his daily life. Defendant's failure to make its website accessible denies Plaintiff equal access to the company's products and services, which include legal cannabis and related products that Plaintiff seeks to alleviate his medical conditions. This denial of access impacts Plaintiff's ability to make informed decisions about products that could potentially improve his quality of life and manage his health conditions.

Moreover, Defendant's continued non-compliance with the ADA and related laws sends a message that businesses can ignore the rights of individuals with disabilities without consequence. This undermines the purpose and effectiveness of disability rights legislation. If default judgment is denied, it would effectively reward Defendant's disregard for the legal process and its obligations under the law, potentially encouraging similar behavior from other businesses.

Furthermore, denying default judgment would require Plaintiff to continue pursuing litigation against an unresponsive defendant, incurring additional time and resources without any indication that Defendant intends to address the accessibility issues or participate in the legal process. This delay not only prejudices Plaintiff but also potentially affects other visually impaired individuals who may be experiencing similar barriers when attempting to access Defendant's website.

In contrast, granting default judgment would provide Plaintiff with the opportunity to obtain the injunctive relief necessary to compel Defendant to bring its website into compliance with accessibility standards. This would not only benefit Plaintiff but also serve the broader public interest by ensuring equal access for all individuals, regardless of disability status.

**II. Merits of Plaintiff's Claims Under the ADA**

The ADA requires places of public accommodation to ensure their facilities, including websites, are accessible to individuals with disabilities. Through the well-pleaded allegations in the Complaint, which are deemed admitted upon default, Plaintiff has established the merits of his claims. As the Second Circuit has held, "the question is thus whether plaintiff's allegations in the complaint, if accepted as true, establish liability for plaintiff's claims." See *City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 137 (2d Cir. 2011). Furthermore, "on a motion for default judgment, the burden is on the plaintiff to establish an entitlement to recovery, and a failure to plead sufficient facts may require the denial of the motion." See *Danser v. Bagir Int'l*, 571 F. App'x 54, 55 (2d Cir. 2014); *Mickalis Pawn Shop*, 645 F.3d at 137. In this case, Plaintiff has met this burden by

pleading sufficient facts to establish Defendant's liability under the ADA and related state and local laws.

Plaintiff, a legally blind individual, qualifies as a person with a disability under the ADA. Defendant owns, operates, and maintains a website (https://www.stoopsnyc.com) that constitutes a place of public accommodation under the ADA. The Plaintiff has demonstrated that Defendant's website contains numerous accessibility barriers that prevent blind and visually-impaired individuals from equal access and participation, as documented through comprehensive audits revealing numerous pages containing "Broken Links" and Level 'A' Accessibility Barriers. Despite notice and opportunity to remediate these barriers, Defendant has failed to make its website accessible to blind and visually-impaired individuals in violation of the ADA. As such, Plaintiff has met this burden by pleading sufficient facts to establish Defendant's liability under the ADA and related state and local laws.

Additionally, based on these established facts, Plaintiff is entitled to injunctive relief under the ADA. See 42 U.S.C. § 12188(a)(2). Plaintiff has demonstrated that he has suffered irreparable harm through his inability to access Defendant's website. Courts have consistently held that the inability to access a website due to ADA violations constitutes irreparable harm. See, e.g., *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 404 (E.D.N.Y. 2017) ("The Court finds that Plaintiff has established irreparable harm based on Defendant's failure to make its website accessible to the visually impaired.").

Monetary damages are inadequate to compensate for the ongoing nature of the discrimination. See *Betancourt v. Ingram Park Mall*, L.P., 735 F. Supp. 2d 587, 604 (W.D. Tex. 2010) ("Monetary damages are insufficient to compensate for the injury because they

do not force Defendant to comply with the ADA."). The balance of hardships favors requiring Defendant to make its website accessible, as the cost of compliance is minimal compared to Plaintiff's continued inability to access the website. See *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 956 (N.D. Cal. 2006) ("The cost to Target of compliance is likely to be minimal in comparison to the hardship suffered by plaintiffs and class members.").

Furthermore, the public interest strongly favors enforcement of the ADA to ensure equal access for individuals with disabilities. See *Pashby v. Delia*, 709 F.3d 307, 331 (4th Cir. 2013) ("[T]he public interest would be served by enforcing the ADA and its implementing regulations."). By granting the requested injunctive relief, the Court would not only remedy the specific harm suffered by Plaintiff but also promote the broader goals of the ADA in ensuring equal access to public accommodations for all individuals, regardless of disability status.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant default judgment against Defendant Stoops NYC IP LLC, and enter a Judgment stating:

A. A permanent injunction is granted

    i. Enjoining the Defendant, its officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

    ii. Requiring the Defendant to alter its Subject Website to make it readily accessible to, and usable for, individuals with disabilities;

    iii.    Compelling the Defendant to make all necessary modifications to its policies, practices and procedures, so that the Plaintiff would not be subject to further discrimination;

    iv.    Ordering the Defendant to provide auxiliary aids and services, as well as to modify its policies, or procedures, or provide an alternative method, so that the Plaintiff would be able to obtain the full and equal enjoyment of the Subject Website owned, operated, maintained, or leased, by the Defendant, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

    v.    Ordering the Defendant to make the Subject Website readily accessible to and usable by individuals with disabilities;

B. The Subject Website owned, operated, leased, controlled, maintained and/or administered by the Defendant violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

C. Jurisdiction is retained over the Defendant until its unlawful practices, acts and omissions no longer exist;

D. The Defendant is liable to the Plaintiff for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law;

E. The Defendant is liable to the Plaintiff for punitive damages in the amount of $10,000 for its violation of the New York City Human Rights Law;

F. The Defendant is liable to the Plaintiff for $500 in statutory damages for each violation and that sum is awarded to the Plaintiff pursuant to the New York State Civil Rights Laws §40-c and §40-d;

G. The Plaintiff is a prevailing party in this litigation and is awarded attorney's fees and costs in an amount to be shown by Declaration of Attorney's Fees and Costs within 60 days after the entry of this Order;

H. The Defendant will rectify all of the violations of the ADA, which were enumerated in the Complaint, and take the following actions:

   i. submit to the Plaintiff's counsel a remediation plan that remedies the violations, identified in the Complaint, within 60 days of the filing of the proof of service and Memorandum and Order;

   ii. within 30 days from receipt of the Defendant's plans, the Plaintiff shall consent to it, or seek further relief from the Court; and

   iii. the Defendant will make any necessary alterations within 60 days of the Plaintiff's consent, or subsequent Order of this Court.

Given the straightforward nature of the requested injunctive relief and Defendant's complete failure to appear or defend this action, Plaintiff submits that no evidentiary hearing is necessary, and requests that the Court grant this motion on the papers submitted.

**WHEREFORE**, Plaintiff Juan Igartua respectfully requests that the Court grant Plaintiff's motion for default judgment against Defendant and for such other and further relief as this Court deems just and proper.

Dated: February 19, 2025
       New York, New York

                                                                         _____
                                           Arjeta Albani, Esq.
                                           Joseph & Norinsberg, LLC
                                           *Attorney for Plaintiff*
                                           110 East 59th Street, Suite 2300
                                           New York, New York 10022
                                           (212) 227-5700
                                           arjeta@norinsberglaw.com